UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES HONORABLE,

       *Plaintiff*,       CASE NO. 2:18-cv-10502-MAG-PTM

v.       DISTRICT JUDGE MARK A. GOLDSMITH
       MAGISTRATE JUDGE PATRICIA T. MORRIS

COMMISSIOENR OF SOCIAL
SECURITY,

       *Defendant*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON
PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* (Doc. 5)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 5) be **DENIED AS MOOT**, and that this case be **DISMISSED WITH PREJUDICE**.

**II.    REPORT**

    **A.    Introduction**

Pending, pursuant to an order of reference for general case management from United States District Judge Mark A. Goldsmith issued on February 13, 2018, (Doc. 3), is Plaintiff's Application to Proceed *In Forma Pauperis*. (Doc. 5). This report and recommendation is filed pursuant to *Woods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990) (holding that magistrate judges lack authority to deny pauper status).

**B.     Governing Law**

Since 1892, federal courts have possessed statutory power under 28 U.S.C. § 1915 to authorize commencement of civil actions *in forma pauperis* ("IFP"). Section 1915 is intended to insure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation. *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981). An indigent litigant seeking to proceed IFP must file an affidavit that includes a statement of that person's assets and his inability to pay fees. *See* § 1915(a)(1). If the court grants the motion to proceed IFP, the litigant is excused from prepayment of filing fees. *Id*. A court may also direct the United States to pay expenses associated with printing records and transcripts, *id.* § 1915(c), and will order court officers to carry out duties associated with service of process. *Id.* § 1915(d).

Proceeding IFP "is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986). In *Adkins v. E.I. DuPont de Nemours, Inc.*, 335 U.S. 331, 69 S. Ct. 85, 93 L. Ed. 43 (1948), the United States Supreme Court held that one need not be absolutely destitute to enjoy the benefit of proceeding IFP. *See also Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000). An affidavit to proceed IFP is sufficient if it states that one cannot, because of his or her poverty, afford to pay for costs of litigation and still provide herself and her family the necessities of life. *Adkins*, 335 U.S. at 339. The Court must, however, dismiss cases "at any time" upon discovering an "untrue" allegation of poverty. § 1915(e)(2)(A).

In determining IFP eligibility, "courts will generally look to whether the persons are employed, the person's annual salary, and any other property or assets the person may possess." *Schneller v. Prospect Park Nursing & Rehab. Ctr.*, No. 06-545, 2006 WL 1030284, at *1 (E.D. Pa. Apr. 18, 2006). Assets include equity in real estate and automobiles. *United States v. Valdez*, 300 F. Supp. 2d 82, 84 (D. D. C. 2004). In addition, "[f]ederal courts, which are charged with evaluating IFP Applications, have consistently considered not only an IFP applicant's personal income, but also his or her other financial resources, including the resources that could be made available from the applicant's spouse, or other family members." *Helland v. St. Mary's Duluth Clinic Health  System,* No. 10-31 (RHK/RLE), 2010 WL 502781, at *1, n.1 (D. Minn. Feb. 5, 2010); *accord Shahin v. Sec'y of Delaware*, 532 F. App'x 123 (3rd Cir. 2013) (holding district court did not abuse its discretion in requiring plaintiff to disclose spouse's assets); *Caldwell v. Providence Family Physician (Tillman's Corner) Seton Medical Management*, 2005 WL 1027287, *2 (S.D. Ala. Apr. 29, 2005) (the ability to cover the costs of litigation and the necessities of life "has consistently depended in part on [the] litigant's actual ability to get funds from a spouse, a parent, and adult sibling or other next friend."); *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (courts consider "the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the necessities of life,' such as 'from a spouse, parent, adult sibling, or other next friend.'").

### C. Plaintiff's Affidavit

Plaintiff initially filed an application on February 12, 2018, that listed "gross pay or wages" and "take-home pay or wages" as "$0.00," with no other income, "$0" in "cash or in a checking or savings account," and "N/A" answers as to questions about other expenses and assets. (Doc. 2). He signed the declaration—dated January 18, 2015—on this application that "the above information is true" and that he understood "a false statement may result in a dismissal of my claims." (*Id.*). On February 13, 2018, I issued an Order instructing Plaintiff to supply more information and context to his application, for his answers of "N/A" were insufficient insofar as they did not "allow the Court to determine the veracity of" his assertions. (Doc. 4). Minutes after issuing this Order, Plaintiff filed the instant amended IFP application—dated February 12, 2018—listing his "gross pay or wages" as $4355 per month, his "take-home pay or wages" as $3,708 per month, the existence of disability or worker's compensation payments as another source of income, the existence of $1200 "in cash or in a checking or savings account," and a number of expenses, debts, and financial obligations. (Doc. 5). He listed a 2011 Ram Truck "I'm still paying on," a "Chrysler 300 car" and "my home" as assets. (*Id.*). Regular monthly expenses included: house payments of $1353, car payments of $426, insurance payments of $424, IRS payments of $60, grocery expenses of $500, child support payments of $671, credit card payments of $100, court payments of $30, phone payments of $75, and "wife's car" payments of $310 per month.

**D.      Analysis and Conclusion**

Plaintiff has a large amount of liquid capital available, possesses two valuable motor vehicles, and has a considerable amount of monthly income. More importantly, none of this information was included in his initial application, which is identical to the application he filed in a prior case before this Court. *See generally Honorable v. Comm'r of Soc. Sec.*, No. 215CV10190MFLPTM, 2015 WL 9469985 (E.D. Mich. Nov. 19, 2015), *R. & R. adopted sub nom. James v. Comm'r of Soc. Sec.*, No. 15-CV-10190, 2015 WL 9459916 (E.D. Mich. Dec. 28, 2015). Not only was Plaintiff's initial application false, but the haste with which it was replaced following our order for clarification with an amended application *dated a day earlier*—when he elected to file implies the first application was filed in bad faith. *See Vann v. Comm'r of the N.Y. Dep't of Corr.*, 496 F. App'x 113, 115 (2d Cir. 2012) ("Bad faith . . . includes deliberate concealment of income in order to gain access to a court without prepayment of filing fees."). Accordingly I suggest that Plaintiff's application be denied as moot, and this case be denied with prejudice. *See e.g.*, *Johnson v. Working Am.*, No. 1:12CV1505, 2013 WL 3822232, at *5 (N.D. Ohio July 23, 2013) (dismissing a case with prejudice because "Plaintiff intentionally and in bad faith misrepresented his financial status in his IFP Application"); *cf. Jones v. Michigan Dep't of Human Servs.*, No. 12-14466, 2013 WL 640771, at *2 (E.D. Mich. Feb. 21, 2013) (dismissing without prejudice when the untrue allegations were not made in bad faith).

### III.  REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1.) Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981.) The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d.) The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  February 20, 2018                    S/ PATRICIA T. MORRIS
                                            Patricia T. Morris
                                            United States Magistrate Judge


### **CERTIFICATION**

    I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: February 20, 2018                     By s/Kristen Castaneda
                                            Case Manager